L COOKS, Judge,
dissents and assigns reasons
As recently recognized in Security First National Bank v. John Paris Murchison, *780 et ux., 98-1225 (La.App. 3 Cir. 3/17/99), 739 So.2d 803 citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950):
[P]rior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide “notice reasonably calculated,” under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.
In this case, the majority recites that the record clearly reveals:
The trial judge was aware of the potential challenge by judgment creditors against the tax title in the chain of title on the property held by National Loan Investors. National Loan Investors noted at the confirmation hearing that Co-burn, or other creditors, may question the tax title. The trial court was on full notice that the tax title may be challenged.
National Loan Investors had the constitutional burden of proving the notice requirement was satisfied; and the trial judge could not legally confirm a default judgment absent such compliance. The Due Process Clauses of this State’s and the | aU-S. Constitutions prevented him from taking any action, including confirming a default, which would affect the property interest of Coburn who did not have opportunity to object to the Sheriffs sale before it occurred. The sale, thus, was patently defective; and nothing in the record suggests that the defect was cured. Coburn should not be prevented from asserting the defect at any time, including on appeal in these proceedings. The matter should be remanded for full hearing on Coburn’s complaint.